FILED
United States Court of Appeals
Tenth Circuit

December 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES R. SINGLETON,

Defendant-Appellant.

No. 09-3189
(D.C. No. 2:07-CR-20167-KHV-8)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **TYMKOVICH**, Circuit Judges.

---

Pursuant to a plea agreement, Charles R. Singleton pleaded guilty to one

count of conspiracy to manufacture, to possess with intent to distribute, and to

distribute fifty grams or more of cocaine base, and to possess with intent to

distribute and to distribute five kilograms or more of cocaine, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846, and

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

18 U.S.C. § 2. The Sentencing Guidelines range, as initially calculated, was 70 to 87 months, but because the statutory mandatory minimum was 120 months, the Guidelines range became 120 months. The court sentenced Mr. Singleton to 120 months' imprisonment.

Although his plea agreement contained a waiver of the right to appeal, he appealed. The United States has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Singleton seeks to appeal the fact that he was not afforded the benefit of the "safety valve" sentence-reduction provision.

"We narrowly construe the scope of [a defendant's] waiver of appeal rights[,] [b]ut we do not hesitate to hold a defendant to the terms of a lawful plea agreement." *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (citation and quotation omitted). The waiver in Mr. Singleton's plea agreement is broad, covering "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. . . . [T]he defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." Mot. to Enforce, Attach. at

A-15. The sentence was within the adjusted Guidelines range, and thus this appeal is within the scope of the waiver. *See United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007); *Sandoval*, 477 F.3d at 1206-07.

Next, we assess the voluntariness of the waiver, looking primarily to the plea agreement and the plea colloquy. *See Hahn*, 359 F.3d at 1325. It is Mr. Singleton's burden to demonstrate that the waiver was not knowing and voluntary. *See Smith*, 500 F.3d at 1210. Both the plea agreement and the plea colloquy indicate that Mr. Singleton was informed of the appeal waiver and that he knowingly and voluntarily accepted it. *See* Mot. to Enforce, Attach. at A-15, A-17 (plea agreement); *id.*, Attach. at A-34, A-36 to A-38 (plea colloquy). He has not fulfilled his burden of demonstrating to the contrary.

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Mr. Singleton contends that he received ineffective assistance of counsel in connection with the negotiation of the waiver. If true, this argument would satisfy the requirements for establishing a miscarriage of justice. *See id.* at 1327. But we decline to reach the merits of this challenge, because ineffective-assistance claims generally should be raised in proceedings under 28 U.S.C. § 2255, rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("A factual record must be developed in and addressed by the district court in the first instance for effective

-3-

review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim." (footnote omitted)). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13. Mr. Singleton's waiver does not preclude bringing, in collateral proceedings, an ineffective-assistance claim relating to the waiver itself. *See* Mot. to Enforce, Attach. at A-15; *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

The motion to enforce the appeal waiver is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM