**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHARLES R. SINGLETON,

    Defendant - Appellant.

No. 12-3027
(D.C. Nos. 2:11-CV-02406-KHV and
2:07-CR-20167-KHV-8)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Charles Singleton, a federal inmate appearing pro se, seeks to appeal the district court's overruling of his 28 U.S.C. § 2255 motion to vacate, set-aside or correct his sentence as untimely. See United States v. Singleton, Crim. Act. No. 07-20167-08-KHV, Civ. Act. No. 11-2406-KHV, 2011 WL 5837176 (D. Kan. Nov. 21, 2011). Because Mr. Singleton has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability ("COA") and dismiss this appeal.

On February 12, 2009, Mr. Singleton pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or

more of cocaine. 1 R. 40-56. On June 5, 2009, he was sentenced to 120 months' imprisonment and five years' supervised release. 1 R. 58-59. He sought to appeal, but this court enforced the appeal waiver provision contained in the plea agreement and dismissed his direct appeal. United States v. Singleton, 357 Fed. App'x 988 (10th Cir. 2009).

A one-year limitation period applies to § 2255 motions. 28 U.S.C. § 2255(f). Mr. Singleton filed his § 2255 motion on July 21, 2011, arguing that the one-year time-bar should not be enforced because he was actually innocent. 1 R. 64-79. The district court disagreed and overruled the motion on November 11, 2011. He then sought reconsideration, 1 R. 102-06, which the district court denied. United States v. Singleton, Crim. Act. No. 07-20167-08-KHV, Civ. Act. No. 11-2406-KHV, 2011 WL 6189612 (D. Kan. Dec. 13, 2011); 1 R. 107-10.

Where a district court rejects a § 2255 motion on procedural grounds, a movant must demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct in order to obtain a COA. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The district court's ruling concerning the time bar and the lack of a showing of actual innocence is not reasonably debatable. In order to establish actual innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." See Schlup v. Delo, 513 U.S. 298, 327 (1995). Actual innocence

- 2 -

requires a showing of factual innocence, not merely legal insufficiency.  See

Bousley v. United States, 523 U.S. 614, 623 (1998).  As the district court noted,

Mr. Singleton, despite his sworn statements, now takes issue with the sufficiency

of the evidence establishing his involvement in a conspiracy and claims

ineffective assistance of counsel.  The district court's conclusion that this does

not suffice to excuse the time bar is not reasonably debatable.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge